NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FADI SABA,

Plaintiff-Appellant,

v.

UNISYS CORPORATION,

Defendant-Appellee.

No. 15-16590

D.C. No. 3:14-cv-01310-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Submitted September 13, 2016**

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Fadi Saba appeals pro se from the district court's summary judgment in his employment action alleging retaliation in violation of California law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994), and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Saba failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-retaliatory reasons for his termination were pretextual. *See id.* at 892 (summary judgment properly granted where plaintiff failed to rebut defendant's legitimate, non-discriminatory reasons for termination with evidence of pretext).

The district court properly denied as moot Saba's partial motion for summary judgment.

The district court did not abuse its discretion by denying Saba's motion to reconsider because Saba did not identify any grounds for relief from the judgment. *See Sch. Dist. No. 1J,, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

The district court did not abuse its discretion by denying Saba's request for a continuance because Saba failed to demonstrate prejudice resulting from the denial. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (denial of a continuance is reviewed for abuse of discretion and requires a demonstration of prejudice).

The district court did not abuse its discretion when it entered a bill of costs

in favor of defendants, and we reject as without merit Saba's contention that the district court failed to consider his objections. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 & n.12 (9th Cir. 2003) (setting forth standard of review; "[A] district court need not give affirmative reasons for awarding costs; instead it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Documents or facts not presented to the district court are not part of the record on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

The Clerk shall file Saba's Reply Brief submitted on August 4, 2016.

All pending motions are denied.

**AFFIRMED.**

15-16590